UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 18-2226

Lisa Biron,
Appellant

v.

United States of America



PETITION FOR PANEL RE-HEARING
AND
RE-HEARING EN BANC

Lisa Biron (#12775-049)
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

Issue of Exceptional Importance

The Panel held that F.R.A.P. 4(a)(5)(A) bars Ms. Biron's application for a certificate of appealability ("COA") as untimely. But F.R.A.P. 4 applies to the timely filing of a notice of appeal ("NOA"), not a COA, and the Code and Rules governing federal inmate-§ 2255 motions do not require filing a NOA when seeking a COA. And no time-limit is specified for applying for a COA. The Panel's holding denies COA-applicants the right to fair notice and due process of law and should be reviewed en banc as a matter of exceptional importance.

## Table of Authorities

Cases

Buck v. Davis,
    137 S. Ct. 759 (2016) ................................ 4

Burrage v. United States,
    571 U.S. 204 (2014) ................................. 1

Fallon v. United States,
    378 U.S. 139 (1964) ................................. 1

Museum of Fine Arts, Bost. v. Seger-Thomschitz,
    623 F.3d 1 (1st Cir. 2010) .......................... 4

Wis. Cent. Ltd. v. United States,
    138 S. Ct. 2067 (2018) .............................. 3

Statutes

28 U.S.C. § 2072 ............................................ 1
28 U.S.C. § 2255 ............................................ 1
28 U.S.C. § 2253 ............................................ 2, 4

Rules

Fed. R. App. P. 4 ........................................... Passim
Fed. R. App. P. 5 ........................................... 3
Fed. R. App. P. 22 .......................................... 1, 2, 3
Fed. R. App. P. 47 .......................................... 1
Fed. R. Civ. P. 81 .......................................... 2
R. Gov. Sect. 2255 Proc. 11 ................................. 2, 3
R. Gov. Sect. 2255 Proc. 12 ................................. 2
1st Cir. Loc. R. 22 ......................................... 1

This matter is of exceptional importance. The equivilant of a life sentence is at issue. The Panel's refusal to consider Ms. Biron's application for a certificate of appealability ("COA") as untimely violates her right to due process of law and fair notice because the Federal Code and Rules do not prescribe a time limit for seeking a COA. Federal Rule of Appellate Procedure ("F.R.A.P.") 4(a)(5)(A) applies to the timely filing and extensions for filing of notices of appeal ("NOA"), not applications for COAs, and the Code and Rules[1] do not require filing a NOA when seeking a COA. If filing a NOA and rigid[2] time restraints are intended to apply to COA-applicants, then the rules (or code) should be amended to so state. If an intellectually honest analysis is performed, this Court will agree that Ms. Biron's rights were abridged and vote to rehear the matter.

The analysis[3] begins with the statutes applicable to federal inmate- § 2255 motions and habeas appellate review. Upon close review, neither title 28 U.S.C. § 2255, nor title 28 U.S.C. § 2253, Appeal, prescribe any time limits on seeking a COA from the court. Section 2255(d) informs that "An appeal may be taken to the court of appeals from the order entered on the motion as from the final judgment on application for a writ of habeas corpus." 28 U.S.C. § 2255(d). Section 2253, Appeal, states, in relevant part, "Unless a circuit justice or judge issues a certifi-

---

1 In contrast, Local Rule 22 states that a "petitioner must file a timely notice of appeal whether or not the district court issues a certificate of appealability." As explained herein, this local rule is in conflict with the Federal Code and Federal Rules, as adopted under 28 U.S.C. § 2072. See Fed. R. App. P. 47. Ms. Biron received a copy of these Local Rules from the Clerk of the First Circuit in October 2018.
2 "[T]he Rules are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances." Fallon v. United States, 378 U.S. 139, 142 (1964).
3 "The role of [the Court] is to apply the statute as it is written—even if [it] think[s] some other approach might accord with good policy." Burrage v. United States, 571 U.S. 204, 218 (2014).

1

cate of appealability, <u>an appeal may not be taken</u> to the court of appeals . . . ." 28 U.S.C. § 2253(c)(1) (emphasis added). These sections make no mention of filing a NOA, or of any time constraints.

Turning next to the Rules Governing Section 2255 Proceedings, Rule 12 states, "The Federal Rules of Civil Procedure[4] and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Notably, Rule 12 does not refer to or incorporate the Federal Rules of Appellate Procedure ("F.R.A.P.").[5] Rule 11(a) of the Rules Governing Section 2255 Proceedings, however, states "If a court denied a certificate, a party <u>may not appeal</u> the denial but may seek a certificate from the court of appeals under [F.R.A.P.] 22." Fed. R. Gov. Sect. 2255 Proc. 11(a) (emphasis added). Before turning to F.R.A.P. 22, the next paragraph of Rule 11 of the Federal Rules Governing Section 2255 Proceedings—Rule 11(b), Time to Appeal—states that "[F.R.A.P.] 4(a) <u>governs the time to appeal</u> . . . . A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Fed. R. Gov. Sect. 2255 Proc. 11(b) (emphasis added).

F.R.A.P. 4 is entitled "Appeals as of Right" and sets time limits on filing a notice of appeal. Because the preceeding paragraph of Rule 11—Rule 11(a)—states "a party may not appeal" without a COA, it logically follows that Rule 11(b), "Time to Appeal" and F.R.A.P. 4(a) are applicable only to a party who was granted a COA, and are not applica-

---

4 Indeed, the Fed. R. Civ. P. state explicitly they apply to the extent the practice is not addressed by statute or by the Rules Governing Section 2255 Proceedings. See Fed. R. Civ. P. 81.
5 The Fed. R. App. P. do not contain a provision of applicability to 2255 proceedings as is found in Fed. R. Civ. P. 81.

ble to a party who "may not appeal" because that party was not issued a COA. And while Rule 11(b) informs the party who was granted a COA by the district court that she must file a timely NOA, it does not require this of a party applying for a COA when a COA was not granted.

Is it possible that F.R.A.P. 5, Appeal by Permission, applies here? If it did, it would direct the COA-applicant to file a NOA according to the requirements in F.R.A.P. 4(a). But no, this would be an assumption based on sheer conjecture or intuition because, as stated above, Rule 12 of the Rules Governing Section 2255 Proceedings makes no reference to applying the F.R.A.P. and F.R.A.P. 5 is not mentioned anywhere in Rule 11 or anywhere in the code and rules[6] applicable to § 2255 appellate procedure. Certainly, discerning a rule of law that cuts off substantive rights cannot be based on intuition or a wild guess. See <u>Wis. Cent. Ltd. v. United States</u>, 138 S. Ct. 2067, 2073 (2018) (Court not willing to join the "guessing game" or to speculate about "what Congress might have intended").

Turning now to F.R.A.P. 22, Habeas Corpus and Section 2255 Proceedings, for instruction on applying for a COA. F.R.A.P. 22, in relevant part, states "<u>the applicant cannot take an appeal</u> unless a circuit justice or a circuit or district judge issues a certificate of appealability . . . ." Fed. R. App. P. 22(b)(1) (emphasis added). This section continues by informing the district court clerk of the proper procedure "<u>If</u> an applicant files a notice of appeal . . . ." Id. (emphasis added). F.R.A.P. 22 does not state that a NOA must be filed to apply for a COA, and it

---

[6] If it is Congress' or the Supreme Court's intent to impose time limits for applying for a COA, an amendment to the Code or Rules is necessary. The following clause added to Rule 11 would suffice: "A party intending to seek a COA from a circuit court must follow the procedures set forth in F.R.A.P. 5."

does not prescribe any time limits or make any reference to the procedure for seeking a COA. Nor does it direct the applicant to any other code or rule that sets forth the procedure for applying for a COA.

Thus, having exhausted her search through the Federal Code and Federal Rules, the analysis ends with the conclusion that there is no hard deadline for applying for a COA. And this makes sense. Federal defendants, at this juncture, are usually without representation—Ms. Biron was abandoned by her paid habeas attorney—and are always in prison. Circumstances such as transfers and law library access are real obstacles to COA-applicants. And an application for a COA is <u>not</u> an appeal; the Code, Rules, and Supreme Court precedent are abundantly clear on this point: a party without a COA may not appeal. Accordingly, the circuit court's consideration of the application is cursory and not co-extensive with a merits analysis. See <u>Buck v. Davis</u>, 137 S. Ct. 759, 773 (2016). It is a basic review to determine only "if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> quoting 28 U.S.C. § 2253(c)(2). If laches[7] does not operate to bar the application, the circuit court should consider it.

Indeed, the party-applicant is a federal inmate whose single shot at habeas relief has been determined by the same federal district court

---

[7] For laches to bar Ms. Biron's application for a COA, the Government would have to prove 1) lack of diligence by Ms. Biron, and 2) that it would be prejudiced by allowing the court to consider the application or appeal. See <u>Museum of Fine Arts, Bost. v. Seger-Thomschitz</u>, 623 F.3d 1, 10 n.9 (1st Cir. 2010). It is difficult to imagine a case where laches should bar an application when a conviction was won through an unconstitutional trial and a miscarriage of justice has occurred. The system's interest in finality should always yield to its interest in justice.

judge who presided over an unconstitutional trial. The applicant is not a state inmate whose federal habeas case is a separate civil action, who has had at least two full runs through the state court system, and now gets another chance to test the constitutionality of his conviction in federal court before an un-conflicted, impartial judge.

In sum, the Federal Code and Federal Rules do not time-bar Ms. Biron's application for a COA. Due process requires fair notice before taking one's liberty. The en banc court or Panel, therefore, should address this matter of exceptional importance.

Respectfully submitted

5/30/2019
Date

Lisa Biron (#12775-049)
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

### Certification and Verification of Timely Filing

I certify and hereby swear, under penalty of perjury, that this Petition for Rehearing was mailed firstclass U.S. Mail postage prepaid to the First Circuit Court of Appeals on this date by depositing said mail in the inmate legal mail system, and that a copy of same was mailed to AUSA Seth Aframe.

5/30/2019
Date

Lisa Biron

### Certificate of Compliance

This document complies with the page limit of F.R.A.P. 35(b)(2)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document does not exceed 15 pages.

# United States Court of Appeals
## For the First Circuit

No. 18-2226

LISA BIRON,

Petitioner - Appellant,

v.

UNITED STATES,

Respondent - Appellee.

Before

Howard, Chief Judge,
Torruella and Kayatta, Circuit Judges.

**JUDGMENT**

Entered: May 2, 2019

    Since the government was a party to the habeas proceeding, appellant had 60 days from the entry of judgment to appeal that proceeding and another 30 days after to seek an extension of the time to appeal. See F.R.A.P. 4(a)(5)(A) (a district court may extend the time for filing a notice of appeal if, inter alia, "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires"). Since her motion for an extension of time to file an appeal was filed after this period, it was properly denied.

    Affirmed. 1st Cir. Loc. R. 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Lisa Biron
Seth R. Aframe

Lisa Biron
12775-049
Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093

Minneapolis MN
FRI 31 MAY
AM

⇔12775-049⇔
First Cir Ct Of Appeals
Clerk of Court
1 Courthouse WAY
Boston, MA 02210-3011
United States

MAY 3 0 2019

Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093-0741